FILED
 2007 Apr-05 PM 12:59
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| NAJI FREIJE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. CV-06-S-1639-NE |
| | ) |
| U.S. DEPARTMENT OF, | ) |
| HOMELAND SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Naji Freije, who is proceeding *pro se*, filed a "Complaint for Injunctive and Mandamus Relief" against the United States Department of Homeland Security on August 18, 2006.[1] He asserts federal subject matter jurisdiction on the basis of 28 U.S.C. §§ 1331 and 1346(a), "in that the matter arises under the Constitution and the laws of the United States and the United States is a Defendant."[2]

---

[1] Doc. no. 1 (complaint).

[2] *Id.* at ¶ 1.  28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1346(a)(2) grants the federal district courts original jurisdiction over

> [a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.  For the purpose of this paragraph, an express or implied

Plaintiff also asserts this court's jurisdiction, under 28 U.S.C. § 1361 and 5 U.S.C. § 706, "to compel Defendant to perform duty owned [sic] to the Plaintiff."[3] He requests the court to enter: (1) an injunction preventing defendant or any of its agents from deporting him while this action is pending; (2) an injunction and/or an order of mandamus requiring defendant to issue him a "Travel Document"; and (3) an

---

contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

28 U.S.C. § 1346(a)(2).

[3]Complaint, at ¶ 1.  28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  5 U.S.C. § 706, the "Scope of Review" provision of the Administrative Procedure Act, states:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.  The reviewing court shall —
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be —
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law;
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

injunction and/or an order of mandamus requiring defendant to issue him an "Employment Authorization Document."[4]

The case currently is before the court on defendant's motion to dismiss, which the court previously converted to a motion for summary judgment.[5] Plaintiff failed to respond to the motion as ordered, despite having received notice of both the motion, and the court's order to respond, at his last known address.[6] Upon consideration of defendant's motion, the evidence on file, and the pleadings, the court concludes the motion should be granted.

## PART ONE

### *Standard of Review*

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but also that it "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment,

---

[4]Complaint, at 6 (Prayer for Relief). Plaintiff also seeks an award of costs incurred in relation to this action. *Id.*

[5]Doc. no. 7. Defendant attached two declarations to its motion to dismiss, so the court concluded the motion should be treated as a motion for summary judgment. *See* doc. nos. 9 & 11. *See also* Fed. R. Civ. P. 12(b).

[6]*See* doc. nos. 10-12.

after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*).

## PART TWO

*Allegations of Plaintiff's Complaint*

Plaintiff's complaint reveals that he is not a United States citizen. The majority of the complaint recounts the long efforts of plaintiff's mother to obtain her U.S. citizenship.[7] According to the complaint, plaintiff's mother finally had her

---

[7]Complaint, at ¶¶ 5-20.

citizenship reinstated, retroactively, in 2004.[8]  Soon thereafter, she requested that her children also be granted citizenship, but that request was denied.[9]  Plaintiff also asserts that he applied for a U.S. passport on February 12, 2006, but the U.S. Department of State denied his application on June 23, 2006, stating that his mother's citizenship had been lost and was *not* reinstated retroactively.[10]  The State Department suggested that plaintiff contact the United States Citizenship and Immigration Services ("USCIS") office "'for other travel documents.'"[11]  On June 15, 2006, plaintiff telephoned USCIS and spoke to an immigration officer about how to obtain a "Travel Document" and an "Employment Authorization Document."[12]  The immigration officer informed plaintiff that he was not eligible to receive either document.[13]

### PART THREE

*Defendant's Evidentiary Submission*

Defendant submitted two sworn declarations in support of its motion for summary judgment.  The first declaration is from Paul Onyango, a Customer Service

---

[8] *Id.* at ¶ 20.
[9] *Id.* at ¶ 21.
[10] *Id.* at ¶ 22.
[11] *Id.*
[12] *Id.* at ¶ 23.
[13] *Id.*

Adjudications Officer for USCIS in Atlanta, Georgia. Mr. Onyango checked USCIS's computer database and found only that plaintiff was granted an I-765 Employment Authorization form on August 18, 2003, on the basis that he was a non-immigrant student, and that he also was granted approval for Optional Practical Training until July 11, 2004. Records from the USCIS Student & Exchange Visitor Information Systems database indicated that plaintiff had stated his intent to pursue a doctoral degree in computer engineering, beginning on August 30, 2004, at the University of Alabama in Huntsville, but that his privileges were terminated due to his failure to enroll in the doctoral program. Nothing in the computer system showed that plaintiff was eligible to receive any benefits from USCIS. Further, Mr. Onyango found no applications currently pending by plaintiff for either a Travel Document or an Employment Authorization Document.[14]

Defendant also submitted the declaration of Fenwick Johnson, the Acting Supervisory Deportation Officer with United States Immigration and Customs Enforcement ("ICE") in New Orleans. Mr. Johnson searched the ICE computer databases and found no record of plaintiff being placed in removal, deportation, or exclusion proceedings in the United States at any time.[15]

---

[14]Doc. no. 8 (defendant's brief in support of motion to dismiss, considered as a motion for summary judgment), Exhibit 1 (Declaration of Paul Onyango), at ¶¶ 1-7.

[15]Doc. no. 8 (defendant's brief in support of motion to dismiss, considered as a motion for summary judgment), Exhibit 2 (Declaration of Fenwick Johnson), at ¶¶ 1-8.

**PART FOUR**

*Discussion*

Defendant argues that this court lacks subject matter jurisdiction over any of plaintiff's claims, and that plaintiff has failed to present any claim upon which relief can be granted under the Administrative Procedure Act.

**A.**  *Administrative Procedure Act*

The Administrative Procedure Act ("APA") allows for federal court review of agency action. Specifically, § 702 of the APA states:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

5 U.S.C. § 702 (emphasis in original). The following provision describes the type of

agency actions that are reviewable under the APA:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.  A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.  Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

5 U.S.C. § 704.  The court reviewing the agency action may either:

> (1) compel agency action unlawfully withheld or unreasonably delayed; and
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be —
>> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>> (B) contrary to constitutional right, power, privilege, or immunity;
>> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>> (D) without observance of procedure required by law;
>> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5. U.S.C. § 706.

The court is not persuaded by defendant's assertion that federal subject matter jurisdiction is lacking under the APA. It is true that the APA does not provide an *independent* grant of subject matter jurisdiction. *Califano v. Sanders,* 430 U.S. 99, 107 (1977). Even so, courts have held that, when coupled with 28 U.S.C. § 1331, the APA provides federal jurisdiction to review certain immigration and naturalization decisions. *See Grinberg v. Swacina,* — F. Supp. 2d —, 2007 WL 840109, at *4 (S.D. Fla. March 20, 2007); *Calexico Warehouse, Inc. v. Neufeld,* 259 F. Supp. 2d 1067, 1074-75 (S.D. Cal. 2002).

Defendant's other argument — that plaintiff's allegations cannot form the basis for a claim under the APA — is more persuasive. Construing the allegations of plaintiff's complaint in the light most favorable to him, it appears that plaintiff requests the court *both* to compel USCIS to issue him a Travel Document and an Employment Authorization Document, pursuant to § 706(1), *and* to review the alleged decision of USCIS to deny him these documents, pursuant to § 706(2). Plaintiff can obtain relief on neither ground.

To the extent plaintiff requests review of USCIS's decision, that review is precluded. First, plaintiff has presented no statute by which the actions of USCIS are "made reviewable." 5 U.S.C. § 704. He also cannot establish that USCIS has engaged in any "final agency action." *Id.* The Supreme Court has

delineated the contours of the "final agency action" requirement. It held:

> As a general matter, two conditions must be satisfied for agency action to be "final": First, the action must mark the "consummation" of the agency's decisionmaking process, — it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow."

*National Parks Conservation Ass'n v. Norton,* 324 F.3d 1229, 1236-37 (11th Cir. 2004) (quoting *Bennett v. Spear,* 520 U.S. 154, 177-78 (1997)) (other citations omitted). The act of the USCIS representative — *i.e.,* when informing plaintiff, over the telephone, that he was ineligible for a Travel Document or Employment Authorization Document — certainly cannot be considered "final agency action" under these standards. The agency's decisionmaking process was not "consummated" through the telephone conversation between plaintiff and the USCIS representative; indeed, the process has not even officially begun. USCIS has no record of plaintiff even *applying* for a Travel Document or Employment Authorization Document, much less of his application being rejected by the agency. USCIS records show that plaintiff is not eligible to receive any benefit from the agency, *because he has not applied for any.*[16] Plaintiff simply cannot jump straight from making a telephone call

---

[16] These facts are established in the declarations of Paul Onyango and Fenwick Johnson, which were submitted by defendant, and which are uncontroverted by plaintiff. *See supra* notes 14 & 15, and accompanying text.

to an immigration officer to filing a lawsuit in federal court. He must pursue the agency process further before he can receive review of USCIS's alleged decision to deny him a Travel Document and an Employment Authorization Document. *See Badier v. Gonzales,* — F. Supp. 2d —, 2006 WL 4079085, at *2 (N.D. Ga. Dec. 1, 2006) (holding that final agency action had not taken place when USCIS had neither granted nor denied the plaintiff's application for naturalization, and the application was still pending).

Nor will this court compel defendant to issue the documents requested by plaintiff as "agency action unlawfully withheld or unreasonably delayed." 5. U.S.C. § 706(1). The court may compel agency action under 5 U.S.C. § 706(1) only when "an agency failed to take a discrete action that it was required to take." *Badier*, 2006 WL 4079085, at *2 (citing *Norton v. S. Utah Wilderness Alliance,* 542 U.S. 55, 63 (2004)). Stated differently, the court may only "compel an agency to perform a ministerial or non-discretionary act." *Badier*, 2006 WL 4079085, at *2 (citing *Norton,* 542 U.S. at 63-64). Plaintiff cannot prove that defendant failed to take any action it was required to take, because he has not demonstrated that he actually submitted applications for the immigration documents he is requesting. Further, absent any evidence to the contrary from plaintiff, it appears that even if plaintiff *had* properly applied for the requested documents, the decision whether to grant his

applications would have been discretionary with USCIS.

**B.**   *Mandamus*

This court also lacks jurisdiction to review plaintiff's claims under the mandamus statute, 28 U.S.C. § 1361, which states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "'[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases.'" *Cash v. Barnhart,* 327 F.3d 1252, 1257 (11th Cir. 2003) (quoting *Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969))[17] (bracketed alterations in original). Mandamus relief is available when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy [is] available.'" *Cash,* 327 F.3d at 1258 (citing *Jones v. Alexander,* 609 F.2d 778, 781 (5th Cir. 1980)) (bracketed alterations in original). As with the APA, review under the mandamus statute is appropriate only if the defendant owes the plaintiff a "clear *nondiscretionary* duty." *Cash,* 327 F.3d at 1258 (citing *Heckler v. Ringer,* 466 U.S. 602, 616 (1984)) (emphasis supplied). Further, the party seeking mandamus relief (here, the plaintiff) "has the burden of

---

[17]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

demonstrating 'that its right to issuance of the writ is clear and indisputable.'" *Grinberg,* 2007 WL 840109, at *3 (quoting *Will v. United States,* 389 U.S. 90, 906 (1967)).

Plaintiff has not carried his burden here. He has presented no evidence, or even any argument, to demonstrate that he has a clear right to receive a Travel Document or an Employment Authorization Document, or that defendant has a clear duty to provide those documents. To the contrary, the uncontroverted evidence submitted by defendant shows that plaintiff has not even submitted an application for either document he requests. Plaintiff also has another adequate means of relief — *i.e.,* submitting an appropriate application for the documents he seeks, and following his application through the USCIS administrative process. Further, absent any evidence to the contrary from plaintiff, it appears that mandamus relief also is unavailable because, even if plaintiff *had* properly applied for the requested documents, the decision whether to grant his applications would have been discretionary with USCIS.

**C.**   *Request for an Injunction Preventing Deportation Proceedings*

Plaintiff also requests an injunction to prevent defendant or any of its agents from deporting him *while this action is pending.* As stated above, the substantive relief requested by plaintiff — the granting of a Travel Document and an Employment Authorization Document — is unavailable under either the APA or the mandamus

statute. Thus, all of plaintiff's claims will be dismissed, and plaintiff's request for injunctive relief pending the completion of this action is moot.

### PART FIVE

*Conclusion and Orders*

In accordance with the foregoing, the court finds that no genuine issue of material fact exists, and defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion to dismiss, considered by the court as a motion for summary judgment, is GRANTED. All of plaintiff's claims are DISMISSED with prejudice. Costs are taxed to plaintiff. The clerk is directed to close this file.

DONE this 5th day of April, 2007.

_____
United States District Judge